UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20963-CR-UNGARO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAUL FELIX GILLETTE,

    Defendant.
_____/

## ORDER REGARDING COMPETENCY

This matter is before the undersigned Magistrate Judge based upon an Order of Reference regarding the Defendant's competency to stand trial (DE # 32).  The issue of competency arose in connection with a request by defense counsel at a calendar call held on January 27, 2010, followed by a written Motion for Continuance, in which a continuance was sought so that an ex-parte psychological evaluation of Mr. Gillette could be conducted to determine his competency (DE # 27).  Hearings regarding this matter were held on March 31, 2010 and April 15, 2010.  For the reasons stated below, and with the agreement of the Defendant, his Counsel and the Government, the undersigned concludes that there is no reason to doubt the competency of this Defendant to stand trial, and the case may be restored to the trial calendar.

    I.    BACKGROUND

Defendant RAUL FELIX GILLETTE is charged in a two-count Indictment with persuading, inducing and enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e) (Count 1); and, with possessing a camera and memory card which contained a visual depiction of a minor engaged in sexually explicit conduct, in violation

of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2) (Count 2).

This matter was set for trial during the two-week period of time commencing on February 1, 2010. Prior to trial, defense counsel filed a written motion for a continuance so that she could obtain an ex-parte psychological evaluation of Mr. Gillette in order to determine his competency.

### II.  FRAMEWORK FOR ANALYSIS

Title 18, United States Code, Section 4241(a), provides that the Court shall order a hearing regarding a defendant's competency to stand trial "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  A competency hearing is required only "when there is a 'bona fide doubt' regarding the defendant's competence."  *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005); *Scarborough v. United States*, 683 F.2d 1323, 1325 (11th Cir. 1982) (where report of court-ordered psychiatric examination "gave no indication of incompetency to stand trial, the court had no reason to have the 'bona fide doubt' sufficient to prompt" a competency hearing).

### III.  FINDINGS AND CONCLUSIONS

At the telephonic hearing held on March 31, 2010, defense counsel advised the Court that an ex parte evaluation had been conducted by psychiatrist Elsa Marban, M.D. Although a final written report had not yet been prepared, Dr. Marban advised counsel that there was no question regarding Mr. Gillette's competency to stand trial.  Thereafter, the undersigned set a further hearing, at which Mr. Gillette was present, to determine whether, following receipt of the final report of Dr. Marban, there remained "no

reasonable cause to believe" that the defendant is incompetent.

On April 15, 2010, the undersigned held a hearing with counsel for the Government and the Defendant, and the Defendant present.  At the hearing, counsel for the Defendant advised that she had received the final written report from Dr. Marban, which consistent with Dr. Marban's preliminary conclusions, found Mr. Gillette to be competent.  Counsel stated that she had no reason to doubt Mr. Gillette's competence to stand trial at the present time and confirmed that she was not now requesting a competency hearing, nor had she requested one in the past.  Defense counsel noted that in her Motion for Continuance she had not sought a competency hearing or asserted that a competency evaluation should be ordered by the Court, but wanted to obtain a formal evaluation to confirm that there was no issue in this regard, particularly since the Defendant had been diagnosed in the past with manic depression and bipolar disorder. Based upon the ex-parte evaluation of Dr. Marban, as well as her own interactions with Mr. Gillette, defense counsel stated that she is now satisfied that, although the Defendant may have a mental disorder, there is no issue regarding the Defendant's competency to stand trial, and that there is no reasonable cause to hold a competency hearing or order a further evaluation.

Further, at the hearing, the Defendant was questioned by the Court about whether he understood that the purpose of this hearing was to determine whether a further evaluation of his competency was necessary; and the Defendant was specifically questioned regarding whether he was able to understand the nature of the proceedings against him, and whether he was able to assist his counsel in the preparation of his defense. The Defendant responded affirmatively to each of the Court's questions. Defendant also indicated that he agreed with his counsel's assessment that a

competency determination was not necessary in this matter.  The Defendant behaved and responded in an appropriate manner at the hearing.

The Government concurred with the assessment that there is no basis upon which the Court should order a competency evaluation or hold a competency hearing.

Therefore, based upon a review of the record as a whole, including the above-referenced hearings, the undersigned concludes that there is no reasonable cause to question the competence of the Defendant to proceed in this case, and the District Court should restore this matter to the trial calendar.

**DONE AND ORDERED** at Miami, Florida, on April 19, 2010.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Pretrial Services